# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                  No. 15-CR-01460-WJ
                                                     No. 17-CV-00852-WJ-GJF

VERONICA VALENZUELA,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendant Veronica Valenzuela's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody [CR Doc. 85], filed on August 18, 2017. Defendant is incarcerated and proceeding pro se.[1] Defendant contends that she improperly was sentenced as a career offender under the United States Sentencing Guidelines (U.S.S.G.) because she "was never convicted" in "case # D-619-CR-200500092" and the "case was over 10 years old prior to being dropped." [CR Doc. 85 at 4] For the following reasons, the Court determines that Defendant plainly is not entitled to relief under § 2255 and, therefore, her § 2255 motion will be dismissed with prejudice, a certificate of appealability will be denied, and judgment will be entered.

**I.     BACKGROUND**

On April 24, 2015, Defendant was charged by Information with two counts of conspiracy

---

[1] Although Defendant currently is in state custody, this Court has jurisdiction over Defendant's § 2255 motion because it challenges "a federal sentence that has been ordered to run consecutively to another sentence under which the defendant is in custody at the time of filing the challenge." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994); *see also Peyton v. Rowe*, 391 U.S. 54, 67 (1968); Rule 1(b) of the Rules Governing Section 2255 Proceedings For the United States District Courts.

to possess with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 21 U.S.C. § 846. [CR Doc. 45] Defendant entered into a plea agreement, in which she agreed to plead guilty to both counts of the Information and to waive her right to directly appeal and collaterally attack her convictions and sentences under "28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance." [CR Doc. 48 at 6-7]

The United States Probation Office prepared a Presentence Investigation Report (PSR), which determined that Defendant was a career offender under U.S.S.G. § 4B1.1. [PSR at 5, 8] The career offender enhancement was based on Defendant's two prior felony controlled substance convictions for: (1) "Distribution of Methamphetamine on September 12, 2005, in the Sixth Judicial District Court of Luna County in Deming, New Mexico, under Case No. CR2005-00092;" and (2) "Possession with Intent to Distribute 50 Kilograms and More of Marijuana on September 15, 2009, in United States District Court for the District of New Mexico, Las Cruces Division, under Case o. 2:09CR02716-001 RB." [PSR at 5] As a result of the career offender enhancement, Defendant's total offense level was 31 and her criminal history category was VI,[2] resulting in a guideline imprisonment range of 188 to 235 months. [PSR at 24]

On March 30, 2017, the Court accepted Defendant's guilty plea and the plea agreement, adopted the findings in the PSR, and varied downward from the recommended guidelines sentence of 188 to 235 months. [CR Doc. 80] The Court sentenced Defendant to 156 months of imprisonment as to each count of the Information, said terms to run concurrently, for a total term

---

[2]The offense level for a career offender with a statutory maximum of 25 years or more is 34, see U.S.S.G. § 4B1.1(b)(2), but Defendant received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 31. [PSR at 8-9; see also Fourth Addendum to the PSR] "A career offender's criminal history category in every case . . . shall be Category VI." U.S.S.G. § 4B1.1(b).

of 156 months of imprisonment. [CR Docs. 80, 81] Additionally, the Court imposed a term of 5 years of supervised release as to each count of the Information, said terms to run concurrently, for a total term of 5 years of supervised release. [CR Doc. 81 at 4] The Court rendered judgment on Defendant's convictions and sentences on March 31, 2017. [CR Doc. 81]

On June 29, 2017, Defendant filed a Motion For Reconsideration of Sentence, asking the Court to "reconsider" her sentence because she was never convicted in "Cause No. D-619-CR-200500092 on charges of possession with intent to distribute." [CR Doc. 83] In a July 19, 2017 Order, the Court informed Defendant that she "may only challenge her sentence by a motion under 28 U.S.C. § 2255" and, therefore, "the Court intends to recharacterize Valenzuela's Motion for Reconsideration as a first § 2255 motion to vacate, set aside, or correct sentence." [CR Doc. 84 at 1-2] Consistent with *Castro v. United States*, 540 U.S. 375 (2003), the Court afforded Defendant "an opportunity to withdraw the motion or to amend it to add additional claims she may have." [CR Doc. 84 at 2]

In response, Defendant filed the present § 2255 motion, which supersedes her Motion For Reconsideration of Sentence. [CR Doc. 85] *See Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 15(a); Rule 12 of the Rules Governing Section 2255 Proceedings For the United States District Courts. In her § 2255 motion, Defendant contends that:

> Sentencing was based on a conviction on case # D-619-CR-200500092 which I was never convicted for and resulting in a severe punishment when I was not convicted due to lack of evidence. Charges were dropped. Case was over 10 years old prior to being dropped. Case should not have reflected sentencing.

[CR Doc. 85 at 4]

3

## II.   DISCUSSION

Title 28 of the United States Code, section 2255 provides that the District Court shall hold an evidentiary hearing on a defendant's § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Under § 2255(b), an evidentiary hearing is not "required where the district court finds the case record conclusively shows the prisoner is entitled to no relief." *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). For the reasons explained in this Memorandum Opinion and Order, the Court finds, in light of the case record and the official state court docket in *State of New Mexico v. Veronica Valenzuela*, No. D-619-CR-2005-00092,[3] that Defendant is not entitled to relief under § 2255. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (holding that "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact") (internal quotation marks and citations omitted). Therefore, an evidentiary hearing is not required in this case.

The official state court docket in case no. D-619-CR-2005-00092 reflects that on April 11, 2005, Defendant was charged with: (1) possession with intent to distribute a controlled substance, in violation of N.M. Stat. Ann. § 30-31-22(A)(2)(a); and (2) possession of marijuana (more than one ounce), in violation of N.M. Stat. Ann. § 30-31-23(B)(2). [OPN: Criminal Information/Complaint, filed on April 11, 2005]. Possession with intent to distribute a controlled

---

[3]The Court will take judicial notice of the official state court docket in *State of New Mexico v. Veronica Valenzuela*, No. D-619-CR-2005-00092, which is available through the State of New Mexico's Secure Odyssey Public Access (SOPA) system. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue").

substance under N.M. Stat. § 30-31-22(A)(2)(a) is "a third degree felony." Defendant entered into a Plea & Disposition Agreement on September 12, 2005, which is described in the state court docket as follows:

> DEF AGREES TO PLEA GUILTY TO COUNT 1 & 2 DEF BE COMMITTED TO THE NMDCCR FOR A PERIOD OF 3 YEARS ON COUNT 1 AND 364 DAYS ON COUNT 2 W/EA COUNT RUNNING CONSECUTIVE TO EA OTHER FOR A TOTAL SENTENCE OF 3 YRS, 364 DAYS, WHICH SHALL BE SUSPENDED EXCEPT FOR 364 DAYS TO BE SERVED IN LCDC. PLACE ON SUPERVISED PROBATION FOR A PERIOD OF 3 YRS, DEF FURLOUGHED TO A 1 OR 2 YR LONG TERM IN-PATIENT SUBSTANCE ABUSE TREATMENT

[Plea & Disposition Agreement, filed on September 12, 2005] The state court accepted Defendant's guilty plea and imposed a "4 YR 5 MONTH AND 29 DAY SENTENCE SUSPENDED EXCEPT FOR 364 DAYS TO BE SERVED IN LCDC; UPON RELEASE DEF SHALL BE PLACED ON SUPERVISED PROBATION FOR 3 YRS 6 MONTHS." [CLS: GUILTY PLEA/JUDGMENT, filed on March 2, 2006] Defendant's Judgment and Sentence was filed on March 3, 2006. [*Id.*; NTC: ENTRY OF JUDGMENT, filed on March 3, 2006]

On January 17, 2007, Defendant's state criminal case was reopened pursuant to a Petition To Revoke Probation. [RPN: PROBATION VIOLATION, filed on January 17, 2007). Following a hearing, Defendant's probation was revoked and a second Judgment & Sentence was entered. [ARRAIGNMENT/PLEA HEARING, filed on March 29, 2007; CLS; ORDER REVOKING PROBATION, filed on April 5, 2007]

Despite Defendant's assertions to the contrary, the official state court docket conclusively demonstrates that Defendant was convicted of a felony controlled substance offense in case no. D-619-CR-2005-00092. Therefore, the Court properly relied on Defendant's conviction in case no. D-619-CR-2005-00092 to sentence her as a career offender under U.S.S.G. § 4B1.1.

Defendant next contends that, because her felony controlled substance conviction in case no. D-619-CR-2005-00092 was "over 10 years old" the Court improperly relied on it to sentence her as a career offender. [CR Doc. 85 at 4] To determine whether Defendant's conviction in case no. D-619-CR-2005-00092 counts as a controlled substance felony conviction, the Court turns to the commentary to U.S.S.G. § 4B1.2, which provides that "[t]he provision of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1." U.S.S.G. § 4B1.2 (commentary); *see Stinson v. United States*, 508 U.S. 36, 38 (1993) (holding that the "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline"). Section 4A1.2(e) governs the applicable time periods and it provides, in relevant part as follows:

> (1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.
>
> (2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.
>
> (3) Any prior sentence not within the time periods specified above is not counted.

U.S.S.G. § 4A1.2(e)(1)-(3). The term "sentence of imprisonment" refers only to the portion of a sentence "that was not suspended." U.S.S.G. § 4A1.2(b)(2). If a suspended sentence is revoked, however, then the Court must "add the original term of imprisonment to any term of imprisonment imposed upon revocation" to calculate the applicable time period under § 4A1.2(e).

In case no. D-619-CR-2005-00092 Defendant was sentenced to 4 years, 5 months, and 29

6

days of imprisonment, but all of her sentence was suspended except for "364 days to be served in LCDC." *State v. Valenzuela*, no. D-619-CR-2005-00092, CLS: GUILTY PLEA/JUDGMENT (filed March 2, 2006). Defendant's probation was revoked, however, and a second Judgment and Sentence was entered on April 5, 2007. *See id.*, CLS: ORDER REVOKING PROBATION (filed April 5, 2007). According to the PSR, after the revocation of her probation, Defendant was sentenced "to a total of 18 months and 364 days in prison" and released from custody on March 25, 2008. [PSR at 10] *See United States v. Harris*, 447 F.3d 1300, 1306 (10th Cir. 2006) (holding that, "[a]bsent an objection to the PSR, the district court 'may accept any undisputed portion of the presentence report as a finding of fact.'") (quoting Fed. R. Crim. P. 32(i)(3)(A)). Because Defendant was sentenced to a term of imprisonment "exceeding one year and one month," her prior controlled substance felony conviction counts for the purpose of the career offender enhancement if it was "imposed within fifteen years of the defendant's commencement of the instance offense" or if she was "incarcerated during any part of such fifteen-year period." § 4A1.2(e)(1). Defendant's controlled substance felony conviction and sentence in case no. D-619-CR-2005-00092 easily falls within the applicable fifteen-year time period and, therefore, the Court concludes that Defendant properly was sentenced as a career offender under § 4B1.1.[4] Accordingly, Defendant's § 2255 motion will be dismissed with prejudice.

When a district court enters a final order adverse to the applicant in a habeas proceeding, the court "must issue or deny a certificate of appealability." Rule 11 of the Rules Governing Section 2255 Proceedings For the United States District Courts. To be entitled to a certificate of

---

[4]The Court notes that Defendant's controlled substance felony conviction and sentence in case no. D-619-CR-2005-00092 was "imposed within ten years of the defendant's commencement of the instant offenses," U.S.S.G. § 4A1.2(e)(2), and, therefore, even if the ten-year time period was applicable, Defendant's career offender enhancement nonetheless is proper under § 4B1.1. [*See* CR Doc. 45 (charging Defendant with commencing the instant offenses in November 2014 and December 2014)]

7

appealability, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate this Court's conclusion that Defendant plainly is not entitled to relief under § 2255 motion and, therefore, a certificate of appealability will be denied.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody [CR Doc. 85] is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT COURT JUDGE