IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                                 No. 15-CR-01460-WJ

VERONICA VALENZUELA,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. §3582**

THIS MATTER comes before the Court upon Defendant's pro se Motion for Compassionate Release, filed July 30, 2020 **(Doc. 91).** Defendant pleaded guilty to two counts of conspiracy to possess with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 21 U.S.C. § 846. Doc. 45. She entered into a[CR Doc. 45] Defendant entered into a plea agreement whereby she was committed to the custody of the Bureau of Prisons ("BOP") for a term of 156 months. Defendant is serving her sentence currently at Carswell Federal Medical Center, Ft. Worth, Texas.

In this motion, Defendant seeks several types of relief, which the Court addresses in turn.

**I.**       **Request for Compassionate Release**

First, Defendant contends that she has "contracted COVID-19" and seeks compassionate release because of her health conditions, which include a thyroid condition, lupus and asthma. Defendant provides no details or other documentation regarding these conditions.

Generally, a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687

(2010)). However, Congress has provided a limited exception to this general rule and allowed for certain "compassionate release" sentence modifications under 18 U.S.C. § 3582(c)(1)(A). To justify the type of compassionate release that Defendant seeks, the Court must find that "extraordinary and compelling reasons warrant such a reduction." *Id*. Before the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) was enacted, only the Bureau of Prisons ("BOP") could seek compassionate release. As amended, §3582(c)(1)(A)(i), now permits a court to consider a compassionate release motion filed by a defendant if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Defendant claims that she has "followed the administrative remedy process here at Carswell," and was informed she can now appeal to the courts. However, she alleges no facts and provides no supporting documentation that she has fully exhausted the administrative process by appealing any denial by the warden (assuming she has completed that part of the process) directly to BOP. *See, e.g., id., United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *4 (M.D. Pa. June 23, 2020); *United States v. Smith*, No. 4:15-CR-19, 2020 WL 2063417, at *2 (N.D. Ohio Apr. 29, 2020); *United States v. Brummett*, No. 6: 07-103-DCR, 2020 WL 1492763, at *1–2 (E.D. Ky. Mar. 27, 2020). This Court has no authority to excuse a failure to comply with the mandatory statutory exhaustion requirement. *See United States v. Gonzalez*, No. 18-CR-00130-PAB, 2020 WL 1905071, at *2 (D. Colo. Apr. 17, 2020) ("[T]he Supreme Court has made clear that 'mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.'" (*quoting* Ross v. Blake, 136 S. Ct. 1850, 1857 (2016))); *Read-Forbes*, 2020 WL

1888856, at *4 (citing *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1256 (10th Cir. 2019)).[1]

Therefore, Defendant's request for compassionate relief shall be denied.

## II.     Home Confinement

Second, Defendant states that she is willing to go home on confinement to serve the duration of her sentence is necessary.  However, this Court has no authority to order the BOP to release Defendant to this type of custody. It is well-settled law that a prisoner has no constitutional right to confinement in a particular place, including confinement at home.  *See  McKune v. Lile*, 536 U.S. 24, 39 (2002).  BOP retains complete discretion to determine where federal prisoners are housed.  *See* 18 U.S.C.  § 3621(b);  *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (citing *Moresco v. United States*, No. 92-1108, 1992 WL 372399, at *2  (10th Cir. Dec. 10, 1992) (unpublished)).  The Court must deny this request as well.

## III.    Appointment of Counsel

Last, Defendant asks that the Court appoint her a public defender, "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction. . . ." *Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir.), *cert. denied,* ––– U.S. ––––, 129 S.Ct. 134, 172 L.Ed.2d 102 (2008).  Other circuits have applied this principle to motions for reduction of sentence. *See United States v. Legree,* 205 F.3d 724, 730 (4th Cir.2000); *United States v. Tidwell,* 178 F.3d 946, 949 (7th Cir.1999); *United States v. Townsend,* 98 F.3d 510, 512–13 (9th Cir.1996); *United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir.1995); *United States v. Reddick,* 53 F.3d 462, 463–65

---

[1] Courts appear split on whether the exhaustion requirement is jurisdictional or merely a claims-processing rule.  *See United States v. Gamboa*, No. CR 09-1741 JAP, 2020 WL 3091427 (D.N.M. June 11, 2020) (Parker, J.) (citing cases).  The Tenth Circuit has not yet decided this issue, but this Court is persuaded by the reasoning in *Read-Forbes* that the exhaustion requirement is indeed jurisdictional and that the Tenth Circuit would conclude as such. Many other courts in this Circuit have concluded likewise. See, e.g., United States v. Davis, No. 19-CR-64-F, 2020 WL 2465264, at *2–3 (D. Wyo. May 13, 2020).

(2d Cir.1995); *see also U.S. v. Olden,* 296 F.App'x 671, 674 (10th Cir. 2008) (district court did not abuse discretion in denying request for counsel for compassionate release motion).

**THEREFORE,**

Defendant's motion is DENIED in its entirety.

_____
CHIEF UNITED STATES DISTRICT JUDGE