\IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

   v.                                             No. 15-CR-01460-WJ

VERONICA VALENZUELA,

   Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PRO SE MOTIONS FOR COMPASSIONATE RELEASE

THIS MATTER IS BEFORE THE COURT on a letter from Defendant to the Court dated August 31, 2020 (**Doc. 97**), Defendant's pro se Motion to Waive Administrative Exhaustion Requirements (**Doc. 98**), and Defendant's pro se Expedited Motion for Compassionate Release (**Doc. 99**). Giving Defendant's letter (Doc. 97) a liberal construction, as it must for pro se pleadings, the Court interprets it as a second or subsequent motion for compassionate release. Defendant filed a similar motion requesting the same relief one month prior to this request. (*See* Doc. 91). The Court denied Defendant's first motion in a Memorandum Opinion and Order dated August 4, 2020. (Doc. 92). Having reviewed Defendant's latest requests, the Court finds they are not well taken and are, therefore, **DENIED**.

### BACKGROUND

In 2017, Defendant pleaded guilty to two counts of conspiracy to violate 21 U.S.C. § 841(b)(1)(B). (Doc. 81). She was sentenced to 156 months imprisonment. (*Id.*). In July 2020, Defendant sought compassionate release under 18 U.S.C. § 3582, which this Court denied on the grounds that Defendant had not demonstrated that she had exhausted her administrative remedies

as required by the statute. (Doc. 92). Defendant then sent another letter to the Court, purporting to appeal the denial of her request for administrative relief. (Doc. 93). Although unclear, with that letter it appeared that Defendant was attempting to "appeal" the warden's denial of her request for compassionate release—not the court's—because the letter was post-marked before the Court rendered its decision on August 4, 2020. Notably, the warden's denial (which was attached to her instant letter) was based on the fact that Defendant did not meet the prerequisite criteria to qualify for compassionate release on medical grounds. (Doc. 97 at 4). In her instant letter, (Doc. 97) which the Court construes as a motion, Defendant asserts that she has tested positive for COVID-19, but asserts no new evidence to support exhaustion of her administrative remedies. In her Motion to Waive Administrative Exhaustion Requirement (Doc. 98) she asks the Court to excuse the fact that she has not appealed the warden's decision and asserts that the Court "has authority to waive the 30 days requirement for exhaustion of administrative remedy process due to the rapid spread of COVID-10 and Mrs. Valenzuela testing positive for the virus." (Doc. 98 at 2). But then, in her Expedited Motion for Compassionate Release (Doc. 99), she appears to aver that she has appealed, but is waiting for a decision.

**DISCUSSION**

"Generally, a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). However, Congress has provided a limited exception to this general rule and allowed for certain "compassionate release" sentence modifications under 18 U.S.C. § 3582(c)(1)(A). That said, a district court may not consider a request for compassionate release unless and until the prisoner has exhausted all administrative remedies. *See* § 3582(c)(1); *see also United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020)

(discussing administrative exhaustion as a jurisdictional requirement). To effectively exhaust under § 3582, a prisoner must make an initial request for compassionate release to her institution's warden under 28 C.F.R. § 571.61, and appeal a denial pursuant to § 571.63. *See* § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)). Alternatively, if thirty days have lapsed from receipt of the request by the warden of the facility where the prisoner is incarcerated with no action by the warden, a district court is empowered to consider the prisoner's § 3582(c)(1)(A) motion.

To the extent that Defendant asserts her August 4, 2020 letter (Doc. 93) to be an appeal of the warden's denial, the Court is unable to accept this as full exhaustion of her administrative remedies. As set forth in the above-cited federal regulations, an inmate must appeal the warden's denial through the Bureau of Prisons' ("BOP's") administrative appeal process. 28 C.F.R. § 571.63. Courts have no jurisdiction to decide an appeal of a warden's decision. Courts can only review final decisions, and only a denial by the Director or General Counsel of BOP is a final decision. *Id.* If and when Defendant appeals the warden's denial through the BOP process, she may seek relief in this court. Not before then. To the extent that Defendant in fact *has* appealed, (*see* Doc. 99), she must wait for a final decision from BOP before the Court has jurisdiction review that decision. Upon a sufficient showing that she has received a final determination from BOP, Defendant make seek relief in this Court. *See United States v. Blevins*, 2020 WL 3260098, *3 (S.D. Miss. June 16, 2020) ("If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute.") (citation omitted)).

The Court is not unsympathetic to Defendant's health conditions, nor ignorant of the fact that the coronavirus has struck the prison population hard. But unless and until Defendant exhausts

her administrative remedies, she cannot seek relief from this Court.  As such, Defendant's Motions for Compassionate Release (Docs. **97**, **99**) are **DENIED**.

As to Defendant's request to waive the exhaustion requirement, she cites case law from the Fifth Circuit to support this proposition.  (Doc. 99 at 2 (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).  But *Fuller* addressed administrative exhaustion under a federal habeas statute.  Moreover, the *Fuller* Court held that the requirement could only be waived where administrative remedies were "unavailable or wholly inappropriate to the relief sought."  *Id.*  Thus, even if *Fuller* was controlling law, Defendant asserts nothing which would allow the Court to make such a finding here.

Moreover, while the undersigned is aware that other judges have elected to waive the administrative exhaustion requirement, the plain language of § 3582 simply does not provide any mechanism for district courts to grant such a waiver.  It is true that the current pandemic is unprecedented, but Congress has taken swift remedial action in passing the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, 134 Stat. 281, which expands the statutory of BOP to administer its home confinement program.  This Court is of the view that if Congress wanted or intended for the § 3582 exhaustion requirement to be waived in the pandemic, it could have done so with CARES.  The fact that Congress has *not* waived the requirement when it could have, is telling.  In any case, unlike judicially created requirements, which courts may waive, this Court has consistently held that it has no authority to waive statutorily mandated exhaustion requirements.  *See United States v. Blackstock*, No. 1:18-CR-3310 WJ, 2020 U.S. Dist. LEXIS 121733 (D.N.M. July 9, 2020) (Johnson, C.J.) (citing *United States v. Gonzalez*, No. 18-CR-00130-PAB, 2020 WL 1905071, at *2 (D. Colo. Apr. 17, 2020) ("[T]he Supreme Court has made clear that 'mandatory exhaustion statutes . . . establish mandatory

exhaustion regimes, foreclosing judicial discretion.'")). With no binding precedent from the Tenth Circuit, this Court sides with those which have concluded that district courts lack authority to waive the requirement as Defendant requests. *See, e.g.*, *Read-Forbes*, 2020 WL 1888856, at *4 (10th Cir. 2019). As such, Defendant's Motion to Waive Administrative Exhaustion Requirements (Doc. 98) is **DENIED**.

## CONCLUSION

For all the foregoing reasons, Defendant's Motions for Compassionate Release (**Docs. 97**, **99**) and her Motion to Waive Administrative Exhaustion Requirements (**Doc. 98**) are **DENIED**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE