IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             No. 2:15-cr-01460-WJ-GJF

VERONICA VALENZUELA,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ORDER REQUIRING SPECIFIED MEDICAL CARE AND REQUEST THAT THE COURT WITHDRAW ITS APRIL 6, 2022 ORDER

THIS MATTER comes before the Court upon Defendant's Motion for An Order Requiring Specified Medical Care and Request that the Court Withdraw its April 6, 2022 Order, filed April 8, 2022 **(Doc. 110)**. Having reviewed the parties' pleadings and the applicable law, the Court denies Defendant's motion with respect to the request for specified medical care, but grants the motion with respect to Defendant's request for alternate relief: an extension of time in which to file her motion for compassionate release.

### BACKGROUND

On April 24, 2015, Ms. Valenzuela pled guilty pursuant to a plea agreement to a two-count Information charging in both counts Conspiracy to Possess with Intent to Distribute 50 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Docs. 45-48. On March 30, 2017, she was sentenced to 156 months incarceration, and a five year term of supervised release. Docs. 80-81.

On July 30, 2020, Defendant filed a *pro se* motion for compassionate release under 18 U.S.C. §3582 and a request for the appointment of counsel, which was denied by the Court in its entirety. Docs. 91, 92.

On August 31, 2020, Ms. Valenzuela filed another motion for compassionate release. Doc. 97. On September 10, 2020, she filed a *pro se* motion to reconsider the Court's August 4, 2020 Order, Doc. 98, and another *pro se* motion for compassionate release. Doc. 99. On that same day, the Court issued an Order denying Documents 97, 98 and 99. Doc. 100.

On February 16, 2021, Defendant filed a fourth *pro se* motion for compassionate release, Doc. 101, and on February 18, 2021, a motion to appoint counsel filed by the Federal Public Defender, Doc. 102, which the Court granted on February March 12, 2021. Doc. 103.[1] In its March 12, 2021 Order, the Court ordered counsel to move to withdraw Defendant's pending *pro se* motion, and to file a substitute motion. *Id.*

On March 17, 2021, the Court appointed Alicia Consuelo Lopez to represent Ms. Valenzuela. Docs. 104-105.

On January 3, 2022, the Court issued an Order to Show Cause because notwithstanding the Court's March 12, 2021 Order, Defendant failed to withdraw her pending *pro se* motion, and file a substitute motion. Doc. 107. Defendant filed a response to the Court's Order to Show Cause explaining the delay, and anticipated that the substitute motion would be filed within 30 days. Doc. 108. No response was filed and on April 6, 2022, the Court ordered the United States to respond to Defendant's pending *pro se* motion no later than April 20, 2022. Doc. 109.

---

[1] Defense counsel claims that this latest *pro se* request for compassionate release (Doc. 101) is merely a letter Ms. Valenzuela wrote to her attorney, which was mistakenly mailed to the Court and construed as a motion. Doc. 110 at 1. However, as the Government notes, Defendant clearly directed her letter to the Court ("Your Honor") and so—contrary to defense counsel's contention—the Court maintains that Document 101 is a still-pending *pro se* motion for compassionate release.

2

On April 8, 2022, Defendant filed the instant motion. Doc. 110. On April 11, 2022, the Court granted the defendant's request to withdraw its April 6, 2022 Order, and ordered the United States to file a response to the defendant's request for specified medical care by April 25, 2022. Doc. 111.[2]

**DISCUSSION**

Defendant seeks a Court order requiring the Bureau of Prisons to provide her with a medical consultation and examination by a rheumatologist within the next 30 days. She explains that this additional medical evidence "would likely be needed" to support her claim that she suffers from an immunocompromising condition and should be granted compassionate release under §3582. In the alternative, Defendant requests a 45-day extension of time in which to file her compassionate release motion with the Court. The Government does not oppose this proposed extension of time but does object to Defendant's request for specified medical care.

The Court finds good cause to allow an extension of time for the filing of a counseled motion for compassionate release but agrees with the Government that the request for specified medical care should be denied.

Ms. Valenzuela is currently incarcerated at Federal Medical Center, Carswell ("FMC Carswell") in Fort Worth, Texas. According to the Government's representation, Ms. Valenzuela has already seen a rheumatologist on September 30, 2021. On October 14, 2021, a follow-up rheumatology consult was ordered with a target schedule date of January 27, 2022. This follow-up consultation remains pending and FMS Carswell Health Services is currently working to set up the consultation as soon as possible in coordination with the University of North Texas.

---

[2] In light of the Court's April 11, 2022 ruling, this Order addresses only that part of Defendant's motion requesting an Order for specific medical care.

Ms. Valenzuela's September 30, 2021 evaluation indicates a diagnosis of "mildly active" inflammatory arthritis. Doc. 113-1 at 4 (sealed exhibit). The rheumatologist also ordered x-rays of Defendant's hands, shoulders, and chest, and a lab workup. The x-rays were completed on March 23, 2022. Doc. 113-2 (sealed exhibit). A lab work-up was also done on December 15, 2021. Doc. 113-3.

It appears, then, that Defendant's request for specified medical care is well underway as part of Ms. Valenzuela's medical treatment at FMC Carswell. Defendant was seen by a rheumatologist seven months ago, had a lab work-up four months ago, and is awaiting the scheduling of a follow-up consultation with a rheumatologist. The Court agrees with the Government that Defendant's request for specified medical care is moot and that granting the request would interfere with FMC Carswell's medical treatment of Defendant.

**THEREFORE,** the Court DENIES in part and GRANTS in part Defendant's Motion for Specified Medical Care: (1) the request for specified medical care is DENIED, and (2) the request for a 45-day extension of time in which to file a compassionate release motion is hereby GRANTED.

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE